UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No.: 6:11-cr-02023-GRA |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | (Written Opinion) |
| ) | |
| John C. Calhoun, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court pursuant to Defendant's Motion to Relieve Benjamin Stepp as his Counsel.  This motion was filed on October 28, 2011.   For the foregoing reasons, the Court DENIES Defendant's motion.

Defendant brings this motion *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Although a criminal defendant has a right to counsel of his own choosing, that right is limited so not to "deprive courts of the exercise of their inherent power to control the administration of justice." *United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988).  Thus, a defendant's right to change counsel after the court's initial appointment is restricted, and he must show good cause as to why he should

receive different counsel.  *Id.*  Furthermore, "a request for change in counsel cannot be considered justifiable if it proceeds from a transparent plot to bring about delay."  *Id.*

In the present case, Defendant's motion was made only five days prior trial, suggesting that Defendant is trying to delay his trial by filing multiple motions, including the motion as issue.  Furthermore, this Court considers Mr. Benjamin Stepp to be one of the most experienced practitioners in this circuit.  He has been a federal public defender for nineteen years.  Although the suppression motions Mr. Stepp filed on behalf of the Defendant lacked sufficient detail to satisfy Local Rule 12.04, this Court did not consider these errors when making its decision to deny the motions, and these motions were further supplemented at the hearing with additional facts.  *See* Local Criminal Rules for the District of South Carolina, Rule 12.04 (2009).  Therefore, the Court's decision was unbiased and fully informed. Furthermore, Mr. Stepp's failure to object during the suppression hearing on October 24, 2011 was not in error; there was merely nothing to object to.  Thus, his conduct at the suppression hearing is not considered ineffective assistance of counsel in this case.   Moreover, this Court does not consider one heated discussion between Defendant and his counsel as enough reason to change counsel.

IT IS THEREFORE ORDERED that Defendant's Motion to Relieve Counsel is **DENIED**.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

October 31, 2011
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Defendant is hereby notified that she has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.